# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 44

APRIL TERM, A.D. 2024

April 24, 2024

WESLEY WALTER STOREY,

Appellant
(Defendant),

v.                                                          S-23-0236

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable Matthew F.G. Castano, Judge*

*Representing Appellant:*
>    Diane M. Lozano, State Public Defender; Kirk Allan Morgan, Chief Appellate Counsel; Jeremy William Meerkreebs, Assistant Appellate Counsel.

*Representing Appellee:*
>    Bridget L. Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.

*Before FOX, C.J., and \*KAUTZ, BOOMGAARDEN, GRAY, and FENN JJ.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this matter on March 27, 2024.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Wesley Walter Storey appeals his conviction for felony stalking.  Mr. Storey argues that the evidence presented at his jury trial was insufficient to support his conviction under Wyo. Stat. Ann. §§ 6-2-506(b) and (e)(iv) (2023).  We affirm.

### ISSUE

[¶2]    We rephrase the issue as whether the State presented sufficient evidence to the jury to prove beyond a reasonable doubt Mr. Storey intended to harass the victim.

### FACTS

[¶3]    Mr. Storey and his ex-wife, Ms. Storey, were married for nine years and have two children.  On February 23, 2022, the Campbell County Circuit Court issued a "Stalking Order of Protection," effective until February 23, 2025.  The order prohibits Mr. Storey from having contact with Ms. Storey, including "communication by telephone or other electronic means."  The order states "all contact regarding children will be pursuant to the divorce decree," limited to "text or email contact only to exchange children or pass on info pertaining to children."

[¶4]    In October 2022, Ms. Storey reported to law enforcement that Mr. Storey violated the protection order by calling and texting her repeatedly.  The State charged Mr. Storey with one count of felony stalking in violation of Wyo. Stat. Ann. § 6-2-506(b) and (e)(iv) related to his conduct the weekend beginning on October 7.

[¶5]    At trial, the State presented evidence that Mr. Storey sent Ms. Storey thirty-nine text messages between October 7 and 9.  While many of the messages demanded information about the children, others contained malicious name-calling and disturbing statements.  The State also presented evidence that Mr. Storey called her thirty-three times during the same period.  Ms. Storey did not answer his calls.  Lastly, the State presented evidence that Mr. Storey sent Ms. Storey an audio recording in which he disguised his voice, impersonated the devil, and purportedly made a death threat against himself.

[¶6]    Ms. Storey testified the communications caused her emotional distress and she perceived the text messages as threatening because "they're not normal messages that we send to people that we care about, even if we share the kids with each other."  Ms. Storey also testified that she feared for her and the children's safety and felt emotionally distressed due to her history with Mr. Storey and the totality of the communications she received, including the number, timing, and content of the messages, phone calls, and audio recording.

[¶7]   At the close of the State's case, Mr. Storey moved for a judgment of acquittal under W.R.Cr.P. 29, claiming the State presented insufficient evidence that he intended to harass Ms. Storey.  The district court denied the motion.  The jury then returned a guilty verdict against Mr. Storey for felony stalking.  The district court sentenced him to three and one-half to five years of incarceration.  Mr. Storey timely appeals.

## *STANDARD OF REVIEW*

[¶8]   In reviewing whether sufficient evidence was presented to the jury to sustain a conviction,

> [we] decide whether any rational trier of fact could have found that the essential elements of a charged crime were proven beyond a reasonable doubt on the evidence presented.  In doing so, we assume that the State's evidence is true, disregard any evidence favoring the defendant, and give the State the benefit of every favorable inference that may reasonably be drawn from the evidence.  We will not reweigh the evidence or re-examine witness credibility.  Because direct evidence of intent is rare, and circumstantial evidence is most often the only proof available, we have held that intent may be proven by circumstantial evidence alone.

*Fox v. State*, 2020 WY 88, ¶ 9, 467 P.3d 140, 142 (Wyo. 2020) (citation omitted).

## *DISCUSSION*

[¶9]   The jury convicted Mr. Storey of one count of felony stalking in violation of Wyo. Stat. Ann. §§ 6-2-506(b) and (e)(iv).[1]  Stalking is a specific intent crime that requires the State to prove the defendant, with the intent to harass, engaged in a course of conduct reasonably likely to harass another person.  *Bittleston v. State*, 2019 WY 64, ¶ 25, 442 P.3d 1287, 1294 (Wyo. 2019) (citing *Dean v. State*, 2014 WY 158, ¶ 10, 339 P.3d 509, 512 (Wyo. 2014)).  The statute provides:

> (a) As used in this section:
>
> > (i) "Course of conduct" means a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose;
> > (ii) "Harass" means to engage in a course of conduct, including but not limited to verbal threats, written

---

[1] "[A] person commits the crime of stalking if, with intent to harass another person, the person engages in a course of conduct reasonably likely to harass that person[.]" Wyo. Stat. Ann. § 6-2-506(b).

threats, lewd or obscene statements . . . directed at a specific person that the defendant knew or should have known would cause:

(A) A reasonable person to suffer substantial emotional distress[.]

Wyo. Stat. Ann. § 6-2-506(a). "A person convicted of stalking . . . is guilty of felony stalking . . . if: [t]he defendant committed the offense of stalking in violation of a temporary or permanent order of protection . . ." Wyo. Stat. Ann. § 6-2-506(e)(iv).

[¶10] Mr. Storey concedes he engaged in a course of conduct that would cause a reasonable person to suffer substantial emotional distress and he violated a valid order of protection. However, Mr. Storey argues, as he did at trial, that the State presented insufficient evidence to the jury to prove beyond a reasonable doubt that he possessed the specific intent to harass the victim. We disagree.

[¶11] "Specific intent to cause the particular harm may be proven by reasonable inferences from the character of the conduct and surrounding circumstances." *Bittleston*, 2019 WY 64, ¶ 25, 442 P.3d at 1294 (quoting *Dean*, 2014 WY 158, ¶ 10, 339 P.3d at 512). "The mind of an alleged offender may be read from his acts, his conduct, his words, and the reasonable inferences which may be drawn from the circumstances of the case. To hold otherwise would create an impossible burden in a case requiring a finding of specific intent." *Id*. (quoting *Jones v. State*, 2012 WY 82, ¶ 27, 278 P.3d 729, 736 (Wyo. 2012)).

[¶12] Mr. Storey argues his intent was not to harass Ms. Storey because most of his messages and phone calls were inquiries regarding their children. Given the State's evidence, we are unpersuaded. The evidence showed that Mr. Storey engaged in malicious name-calling and sent disturbing messages to Ms. Storey including: "Get that bull shot picture off my fucking wall right now and answer the phone idiot;" "Protection orders don't work on JESUS;" "Idiot;" "You are in so much shit you fucking red and black god damned whore;" "Where are my kids? You take that fucking picture of that bull off my wall idiot;" "JESUS Christ will crack this planet in half you k ow exactly who the duck I am Jesus pissed of Christ stupid idiot!!!" The audio recording stated "I'm coming for you, Storey. This is the devil and I'm coming for the worthless coward soul of yours. You're gonna fucking die." The frequency and content of these communications are sufficient for a rational trier of fact to reasonably infer a specific intent to harass. *See id*. at ¶ 29, 442 P.3d at 1295.

[¶13] In *Bittleston*, the defendant sent a series of similarly malicious and lewd text messages to the victim. The messages also implied he was watching the victim and

included direct threats of violence against her stating, "Just a matter of time;" "Peak a boo i see you;" "I got a new toy just for the occasion to;" "Cant wait to use my new toy oh boy oh boy this is gonna rock;" "Good morning is it today;" "its ok if not im not going a damn place tell its done;" "It wont be long at all." *Id*. at ¶¶ 27–28, 442 P.3d at 1294–95. We held that a rational trier of fact could reasonably infer that the menacing content of the text messages created a reasonable inference of a specific intent to harass. *Id*. at ¶ 29, 442 P.3d at 1295.

[¶14]   Mr. Storey contends his communications with Ms. Storey are distinguishable from those in *Bittleston* because his communications do not include threats of harm, nor do they imply that he was watching Ms. Storey. We reject his claim. While Mr. Storey's texts may not have contained direct threats of violence or that he was watching Ms. Storey, their repetitive and malicious nature creates a reasonable inference he specifically intended to harass her. In addition to the texts, Mr. Storey called Ms. Storey thirty-three times over three days in violation of the protection order. Giving every favorable inference to the State's evidence, *Fox*, 2020 WY 88, ¶ 9, 467 P.3d at 142, a rational jury could find that Mr. Storey's repeated acts, conduct and words, and the malicious nature of many of his communications, proved a specific intent to harass beyond a reasonable doubt.

[¶15]   We affirm.